UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jennifer Rousy,** | : |
| | : Civil Action No. 0:02-3378-17B |
| Plaintiff, | : (Pending District of South Carolina) |
| | : |
| v. | : |
| | : |
| **Haddon House Food Products, Inc.,** | : |
| | : |
| | : |
| Defendant. | : |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of the Motion of Julius M. Steiner, Esquire to Quash Plaintiff's Subpoena for testimony and documents, and all responses thereto, it is hereby ORDERED that said Motion is GRANTED. Said subpoena is quashed.

BY THE COURT:

_____
J.

466489

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jennifer Rousy, | : |
| | : Civil Action No. 0:02-3378-17B |
| Plaintiff, | : (Pending District of South Carolina) |
| | : |
| v. | : |
| | : |
| Haddon House Food Products, Inc., | : |
| | : |
| | : |
| Defendant. | : |

MOTION OF JULIUS M. STEINER, ESQUIRE TO QUASH
PLAINTIFF'S SUBPOENA FOR TESTIMONY AND DOCUMENTS
OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

Julius M. Steiner, Esquire ("Steiner"), a partner in the firm of Obermayer Rebmann Maxwell & Hippel LLP, by and through his attorneys, respectfully moves this Court under Federal Rules of Civil Procedure 26(c) and 45(c) for an order quashing Plaintiff Jennifer Rousy's subpoena for testimony and documents addressed to Steiner. This Court should quash the subpoena because Plaintiff seeks Steiner's deposition for the purpose of inquiring into (a) the substance of Steiner's representation of Defendant, (b) the product of Steiner's research and investigation of Plaintiff's claims, which were prepared in anticipation of litigation, and (c) the contents of Steiner's privileged communications with his client. None of these areas of inquiry are valid subjects for discovery as set forth herein and in the accompanying memorandum of law, which is incorporated herein by reference.

**JURISDICTION**

1.   This motion is properly filed in this Court pursuant to Federal Rule of Civil Procedure 45 (c)(3)(A), which provides that such motions be filed in the Court that issued the

466489

subpoena, and Federal Rule of Civil Procedure 26(c), which provides that a motion for a protective order by the person from whom discovery is sought may be filed in the District where the deposition is to be taken.

## BACKGROUND FACTS

2. Steiner is the Chairman of Obermayer Rebmann Maxwell & Hippel LLP's Labor Relations and Employment Law Department. He was admitted to practice before the U.S. District Court for the Eastern District of Pennsylvania in 1974, where he remains a member in good standing.

3. On or about June 1, 2001, Jennifer Rousy ("Plaintiff") filed a charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity Commission ("EEOC")[1] (together, the "Charge"), against Haddon House Food Products, Inc. ("Haddon House" or "Defendant").

4. Haddon House retained Steiner to defend it against the Charge.

5. Steiner and his associate, Lori E. Halber, Esquire ("Halber"), interviewed witnesses and reviewed material in order to prepare a response to the allegations contained within the Charge. Halber filed a response on behalf of Haddon House on or about July 23, 2001, and provided supplementary responses as requested by the SCHAC investigator.

6. On or about February 26, 2001, the SCHAC dismissed Plaintiff's Charge stating, "Based on its investigation, the Commission is unable to conclude that the information obtained establishes a violation of the state statute as it pertains to the complaint."

7. The EEOC adopted the SCHAC's findings and likewise dismissed Plaintiff's Charge on July 15, 2002.

---

[1] Charge Numbers, 2-01-184SH,RET and 14CA10865, respectively.

8. On or about October 9, 2002, Plaintiff filed suit against Haddon House in the United States District Court for the District of South Carolina, Docket No. 0:02-3378-17BC, claiming, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. (A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.)

9. Richard J. Morgan, Esquire of the McNair Law Firm, P.A., Columbia, South Carolina, filed an answer on behalf of Haddon House on October 31, 2002. (A true and correct copy of the Defendant's Answer is attached hereto as Exhibit B.)

10. On or about December 31, 2002, the South Carolina Court granted motions to allow Halber and Steiner's partner, James M. Penny, Jr., Esquire ("Penny"), to be admitted pro hac vice and appear on behalf of Haddon House.

11. Plaintiff served discovery requests on Defendant on January 20, 2003.

12. Defendant served objections and responses to Plaintiff's discovery requests on February 21, 2003, and subsequently supplemented those responses.

13. Apparently dissatisfied with Defendant's responses, Plaintiff filed a motion to compel discovery on March 17, 2003.

14. In early to mid-March 2003, based on the costs associated with transporting the Obermayer lawyers between Pennsylvania and South Carolina, Haddon House decided to use the McNair Law Firm only.

15. Accordingly, Penny and Halber filed a motion for leave to withdraw as counsel for Defendant on or about March 18, 2003.

16. Plaintiff's counsel initially consented to the motion to withdraw, but withdrew his consent after the motion was filed.

17. The South Carolina Court allowed Penny and Halber to withdraw from the case on or about March 25, 2003.

18. On April 2, 2003, Plaintiff's counsel filed a motion for reconsideration of the court's order granting the motion for leave to withdraw. Plaintiff states that the grounds for the motion "are that allowing counsel to withdraw at the present time may affect issues previously raised in the Motion to Compel filed by Plaintiff."

19. The McNair Law Firm filed a memorandum in opposition to Plaintiff's motion to compel on behalf of Haddon House on April 4, 2003 and a memorandum opposing Plaintiff's motion for reconsideration of order granting motion for leave to withdraw on April 21, 2003.

20. Both the motion to compel and the motion for reconsideration are still pending.

21. On June 6, 2003, Plaintiff's counsel wrote to Steiner stating that he intended to depose him and Halber by telephone and that "The Farragher defense raised in the case makes the two of you fact witnesses and necessitates the taking of your depositions." Plaintiff's counsel asked whether Steiner and Halber would accept service of subpoenas for them by mail. (A true and correct copy of the letter is attached hereto as Exhibit C.)

22. On June 11, 2003, Steiner wrote to Plaintiff's counsel and stated that he would accept service by mail of a properly issued subpoena, but that he and Halber disagreed with Plaintiff's counsel's contention that they were fact witnesses. (A true and correct copy of the letter is attached hereto as Exhibit D.)

23. On June 16, 2003, Plaintiff's counsel mailed a subpoena to Steiner for a deposition scheduled for Friday, June 27, 2003.[2] (A true and correct copy of the mailing is attached hereto as Exhibit E.)

---

[2] Plaintiff's counsel's cover letter indicated that he intended to include a subpoena for Halber as well, but he failed to do so. As of this date, Halber is not under subpoena.

466489

4

24. The subpoena commands Steiner to "product [sic] and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All documents, including but not limited to notes, emails, correspondence, and memos reflecting or describing any investigation you conducted into allegations by Jennifer Rousy that she experienced harassing or otherwise unlawful treatment at the facility of Haddon House Food Products, Inc. located in Richburg, South Carolina." (Exhibit E.)

25. On June 24, 2003, Steiner acknowledged service of the subpoena and served Plaintiff's counsel with written objections in accordance with Federal Rule of Civil Procedure 24(c)(2)(B). (A true and correct copy of the letter and acknowledgement is attached hereto as Exhibit F.)

26. Plaintiff's counsel failed to comply with his obligations under Federal Rule of Civil Procedure 45(c)(1) by failing to confer with the Steiner regarding his availability for deposition on Friday, June 27, 2003.

27. The subpoena clearly demonstrates that Plaintiff's counsel intends to seek information that will require the disclosure of privileged or other protected matter. No exception or waiver applies. Federal Rule of Civil Procedure 45(c)(3)(A)(iii).

28. The subpoena demonstrates that Plaintiff's counsel seeks to inquire about and obtain attorney work product that is not subject to discovery. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

29. There is no indication that Plaintiff's counsel's proposed areas of inquiry are either non-privileged or relevant. Federal Rule of Civil Procedures 26(b) and 45(c)(3)(A)(iii). On its face, therefore, the subpoena is harassing, burdensome and oppressive.

30.  The McNair Law Firm has informed Steiner that it has moved for protective relief to prevent the taking of his deposition in the South Carolina District Court.

WHEREFORE, Steiner asks this Court to quash the subpoena or, in the alternative, issue an appropriate protective order.

William J. Leonard, Esquire
Joseph J. Centeno, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
215-665-3000

Dated: June 25, 2003

466489              6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jennifer Rousy, | : |
| | : Civil Action No. 0:02-3378-17B |
| Plaintiff, | : (Pending District of South Carolina) |
| | : |
| v. | : |
| | : |
| Haddon House Food Products, Inc., | : |
| | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF JULIUS M. STEINER, ESQUIRE TO QUASH
PLAINTIFF'S SUBPOENA FOR TESTIMONY AND DOCUMENTS
OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Julius M. Steiner, Esquire ("Steiner") submits this memorandum in support of his motion to quash Plaintiff's subpoena for testimony and documents. Steiner asks this Court to quash the subpoena because Plaintiff seeks to compel his deposition for the purpose of inquiring into the substance of Steiner's representation of Defendant Haddon House, the product of Steiner's research and investigation of Plaintiff's claims, which were prepared in anticipation of litigation, and the contents of Steiner's privileged communications with his client. Such material is not subject to discovery under the work-product doctrine or is protected from discovery because it is privileged.

## I.    BACKGROUND

Defendant retained Steiner to defend it against Plaintiff's charge of sexual harassment (the "Charge"), which she filed with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity Commission ("EEOC"), the state and federal agencies responsible for investigating and enforcing the discrimination laws. Steiner and

466489

his associate, Lori E. Halber, Esquire ("Halber"), interviewed witnesses and reviewed material in order to prepare a response to the allegations contained within the Charge. Halber filed a response on behalf of Haddon House on or about July 23, 2001, and provided supplementary responses as requested by the SCHAC investigator. Halber also briefly represented Haddon House in the instant litigation. Plaintiff now seeks discovery of Steiner's complete litigation file.

## II. LEGAL ARGUMENT

Although intertwined, work product protection and attorney-client privilege are independent principles intended to protect litigants from unfettered disclosure. See United States v. Nobles, 422 U.S. 255, 238 n. 11, 95 S. Ct. 2160, 2170, 45 L. Ed. 2d 141 (1975) (citing Hickman v. Taylor, 329 U.S. 495, 508, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947)). The work-product doctrine, recognized initially in Hickman v. Taylor, supra, protects from discovery material prepared or collected by an attorney "in the course of preparation for possible litigation." 329 U.S. at 505, 67 S. Ct. at 390. See also F.R.Civ.P. 26(b)(3); Upjohn Co. v. United States, 449 U.S. 383, 398, 101 S. Ct. 677, 687, 66 L. Ed. 2d 584 (1981) (noting the codification of the doctrine in Rule 26(b)(3)). The long-recognized privilege forbidding the discovery and admission of evidence relating to communications between attorney and client is intended to ensure that a client remains free from apprehension that consultations with a legal adviser will be disclosed. See Hunt v. Blackburn, 128 U.S. 464, 470, 9 S. Ct. 125, 32 L. Ed. 488 (1888).

On its face, Plaintiff's subpoena infringes upon both Steiner's and Defendant's rights to protection under both the work-product doctrine and the attorney-client privilege. The subpoena seeks:

466489                                    2

> All documents, including but not limited to notes, emails, correspondence, and memos reflecting or describing any investigation you conducted into allegations by Jennifer Rousy that she experienced harassing or otherwise unlawful treatment at the facility of Haddon House Food Products, Inc. located in Richburg, South Carolina.

(Exhibit E.)

### A. Steiner's Notes and Memorandum Are Protected From Discovery Under the Attorney Work Product Doctrine

Plaintiff is attempting to obtain Steiner's notes and memos, which are protected from discovery under the work-product doctrine. The Third Circuit has accorded an attorney's work product almost absolute protection from discovery. Haines v. Liggett Group, Inc., 975 F.2d 81, 94 (3d Cir. 1992).

The work-product doctrine is distinct from and broader than the attorney-client privilege. Hickman, 329 U.S. at 508. The protection stemming from the work product doctrine belongs to the professional, rather than the client, and efforts to obtain disclosure of work product should be evaluated with particular care. Rhone-Poulenc Rorer v. Home Indem. Co., 32 F.3d 851, 866 (3d Cir. 1994) (holding that the district court erred in denying motions to quash subpoenas, which as drafted and served appeared to seek the production of documents that are protected from disclosure as the work product of attorneys or by the attorney client privilege), citing, Fed. R. Civ. P. 26(b)(3); Hickman, 329 U.S. at 509 ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney"); Haines, supra.

The doctrine has been codified in Federal Rule of Civil Procedure 26(b)(3):

> A party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative (including the other

466489                                                 3

> party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

F.R.Civ.P. 26(b)(3). Plaintiff has not and cannot meet the stringent standards for disclosure required under Upjohn Co. v. United States, 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981).

There is no necessity that Plaintiff depose Steiner to obtain facts relevant to her claims. Defendant has identified witnesses and produced documents in compliance with its discovery obligations. Indeed, several depositions have already taken place. With respect to any documents withheld, Defendant has provided a detailed privileged log to Plaintiff. To the extent Plaintiff believes Defendant has not complied with its discovery obligations, the issue is pending before the South Carolina Court in the form of Plaintiff's motion to compel.

Furthermore, as set forth in Defendant's privilege log, the only documents it withheld are Steiner's notes, Halber's notes and correspondence between Haddon House and Steiner, Halber, and/or the McNair Law Firm. In other words, the only documents that have not been produced are privileged communications (addressed below), and those that the court is required to protect from disclosure under Rule 26(b)(3) because they contain "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Even if Plaintiff could demonstrate a "substantial need" of the materials, therefore, the Rule nevertheless explicitly prohibits her from reviewing Steiner's notes and memorandum.

**B.     Emails and Correspondence Between Steiner and Defendant Are Protected From Discovery Under the Attorney-Client Privilege.**

With respect to emails and other correspondence exchanged between Steiner and Defendant, such documents are protected from discovery under the attorney-client privilege. The Third Circuit has enumerated the traditional elements of the privilege:

> (1) the asserted holder of the privilege is or sought to become a client;
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
> (4) the privilege has been (a) claimed and (b) not waived by the client.

Rhone-Poulenc Rorer v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994), citing In re Grand Jury Investigation, 599 F.3d 1224, 1233 (3d Cir. 1979). All of the elements are met here.

First, Haddon House retained Steiner to defend it against Plaintiff's Charge. With respect to the second and third elements, Steiner was clearly acting as Haddon House's attorney. Any correspondence involving Plaintiff between Steiner, a member of this bar, and his client, Haddon House, was in the context of his representation of that client.[3] Fourth, as addressed below, Defendant has claimed the privilege and it has not been waived.

Rule 26(c) of the Federal Rules of Civil Procedure codifies the court's authority to protect privileged information from disclosure. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). As the privilege serves the interests of justice, it is worthy of maximum legal protection. Haines v. Liggett Group Inc., 975 F.2d 81, 90 (3d Cir. 1992). Accordingly, Steiner's emails and correspondence with Defendant must be protected from disclosure.

---

[3] Again, Defendant has already produced all non-privileged correspondence.

466489                                           5

### C. Neither Steiner Nor Haddon House Have Waived the Protection Provided By The Work Product Doctrine or The Attorney-Client Privilege.

Notwithstanding the obvious protections provided to Steiner's litigation file, Plaintiff asserts that because Haddon House raised a Faragher defense to her sexual harassment claim, she has the right to depose Steiner and discover his work product and other materials protected by the attorney-client privilege. Plaintiff is wrong.

In 1998, the Supreme Court held that a defendant employer in a sexual harassment case may be held vicariously liable for actionable discrimination caused by a supervisor. The Court also recognized an affirmative defense based on the reasonableness of the employer's conduct as well as that of the plaintiff victim. Burlington Industries v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998). To establish this affirmative defense, an employer must prove that (a) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Id. In the instant case, Plaintiff claims that her supervisor harassed her. Defendant claims that it exercised reasonable care to prevent harassment in its workplace and that Plaintiff failed to complain about her supervisor's alleged harassing conduct.

Faragher does not stand for the proposition that an attorney's file is discoverable. In limited circumstances, courts have allowed discovery of certain materials relating to a lawyer's investigation into allegations of harassment where the employer attempts to use that investigation as support for the defense. See Harding v. Dana Transport, Inc., 914 F.Supp. 1084, 1092-1093 (D. N.J. 1996). Haddon House has made no such attempt: Haddon House does not rely on the research and analysis Steiner conducted in order to respond to Plaintiff's Charge to demonstrate

466489                                6

that it exercised reasonable care to prevent harassment in the workplace. To the contrary, Defendant clearly intends to maintain the attorney-client privilege. Indeed, on June 24, 2003, Defendant filed a motion for a protective order in the United States District Court for the District of South Carolina.

If Plaintiff were allowed to proceed under her subpoena, any defense attorney retained by any defendant in a sexual harassment case would be exposed to discovery with respect to the substance of his representation, completely negating the protections provided by the Federal Rules of Civil Procedure and <u>Hickman</u> and its progeny.

### III. CONCLUSION

Both Federal Rules of Civil Procedures 26 and 45 provide this Court with the authority to protect Steiner, a member of its bar, from disclosing his work product and from revealing privileged communications between him and his client. Because Plaintiff seeks material prepared by Steiner in anticipation of litigation and/or which is protected from discovery by attorney-client privilege, and because Plaintiff cannot demonstrate that she will inquire about anything non-privileged and/or relevant to her case, this Court should quash the subpoena or, in the alternative, issue an appropriate protective order.

_____
William J. Leonard, Esquire
Joseph J. Centeno, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
215-665-3000

Dated: June 25, 2003

466489                                    7

## CERTIFICATE OF SERVICE

I certify that I caused to be served a true and correct copy of the foregoing Motion to Quash, or in the Alternative, Motion for a Protective Order via telefax and Federal Express, on this 25th day of June 2003 on:

      Blaney A. Coskrey, III
      Capitol Center Tower
      1201 Main Street, Suite 1980\
      Columbia, SC  292001

      Richard J. Morgan, Esquire
      Jason Bradley, Esquire
      McNair Law Firm, PA
      P.O. Box 11390
      Columbia, SC  29211

      _____
      William J. Leonard, Esquire

466489